# Exhibit 1

## LAW OF THE CASE

1. Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.[1] In a court of record, a judge has no discretion. Discretion is reserved to the independent tribunal. When the word "law" is used without qualification, it means common law. An "attorney at law" means one who practices common law. (notwithstanding the fact that modern attorneys ignore the subject). An "attorney in equity" is one who practices before an equity court.

2. Through the courts, Plaintiff encourages the government to obey the law.

3. Absolute Judicial immunity is a myth[2] A Judge does not have absolute immunity. Judicial immunity does not apply when the following conditions exist:
    a. when he is performing a non-judicial act, or
    b. when he acts in the complete absence of all jurisdiction.

4. Statutes are expressions of will from the legislature. To maintain confusion, Bar members append the word "law" to it. Naturally, one is supposed to then believe that statutory law is the same as and equal to common law (it isn't!). There is no legislative foundation for any Bar member to "practice" law.

5. Codes are nothing more than a collection of statutes and other rules arranged by subject instead of being arranged by date. Law beats statutes; statutes beat codes.

6. The California 1879 Constitution defines all California courts to be courts of record.[3]

7. Commonwealth of Pennsylvania maintains confusion and deception with multiple versions of its Constitution.[4]

8. "Whereas it is essential, if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression, that human rights should be protected by the rule of law," (Preamble - Universal Declaration of Human Rights)[5]

9. Nisi Prius is defined as: "a court where civil actions are tried by a single judge sitting with a jury, as distinguished from an appellate court."[6] This means the nisi prius court is a Trial Court which of course is where the facts of a case are discovered. A nisi prius court is a "court of no record," but a record is kept in a trial court. The mere keeping of a record does not qualify any court to be a court of record.

---

[1] See the use of dictionaries in the Supreme Court of the United States, by Kevin Werbach Looking It Up: The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994).

[2] Is a state court judge, who has been individually divested of all jurisdiction over a case by virtue of being affirmatively disqualified, who refuses to acknowledge his own divestment, and thereafter commits unconstitutional torts solely under color of the case in which he knows, or should know, that he has lost all jurisdiction, subject to 42 U.S.C. 1981-88 liability? The answer is yes, see Hirschfeld v Rodgers.

[3] California Constitution, Article 6 Judicial, Sec. 1. The judicial power of this State is vested in the Supreme Court, courts of appeal, superior courts, and municipal courts, all of which are courts of record.

[4] Commonwealth of Pennsylvania has had five versions of constitutions 1776, 1790, 1838, 1874, and 1968. See john J. Kennedy, Pennsylvania Government and Politics, 1st Edition, Cognella publisher, 2018. Chapter 3, pages 79 to 90.

[5] http://www.un.org/en/universal-declaration-human-rights/

[6] https://www.thefreedictionary.com/Nisi+prius

Exhibit 1

10.   Black's Law Dictionary, Fifth Edition, contributes to the confusion by listing only two of the four requirements for a court to qualify as a court of record. For the full explanation, see https://www.1215.org/lawnotes/lawnotes/courtrec.htm.

11.   In California, all courts are named as courts of record. However, if in an individual case they are not operated as courts of record, then they don't qualify as such. It takes more than a name to make a court of record. Even though a court may be keeping a record, it is a court of no record if it does not conform to the remaining three requirements for a lawful court of record.

12.   A court of record is a court which must meet the following criteria:
1. generally has a seal
2. power to fine or imprison for contempt
3. keeps a record of the proceedings
4. proceeding according to the common law (not statutes or codes)
5. the tribunal is independent of the magistrate (judge)

Note that a judge is a magistrate and is not the tribunal. The tribunal is either the sovereign himself, or a fully empowered jury (not paid by the government).

13.   Black's Law Dictionary's omissions are subtle but one can recombine the information and get to the real meaning of terms such as "nisi prius".

14.   "Nisi prius" is a Latin term. Individually, the words mean thus: "Prius" means "first." For example, "Prius vitiis laboravimus, nunc legibus" means "We labored first with vices, now with laws." Quoted from Black's Law Dictionary, Fifth Edition. "Nisi" means "unless." Quoting from B.L.D., 5th Ed.: "The word is often affixed as a kind of elliptical expression, to the words 'rule,' 'order,' 'decree,' 'judgment,' or 'confirmation,' to indicate that the adjudication spoken of is one which is to stand as valid and operative unless he party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation."

15.   "Nisi prius court" is a court which will proceed unless a party objects. The agreement to proceed is obtained from the parties first.

16.   It is a matter of right that one may demand to be tried in a <u>court of record</u>. By sheer definition, that means that the court must proceed according to the common law (not the statutory law). The only way that a court can suspend that right is by the prior agreement of the parties.

17.   For tactical reasons, Commonwealth of Pennsylvania and/or the state and/or State, prefers to proceed according to statutory law rather than common law. The only way it can do that is to obtain the prior agreement from the parties. That is the primary (but hidden) purpose of the arraignment procedure.

18.   During arraignment choices for pleading are only guilty, not guilty, nolo contendere, but all three choices lead to the same jurisdiction, namely a statutory jurisdiction, not a common law jurisdiction. That is to say, the question to be decided is whether or not the statute was violated, not whether the common law was violated.

19.   The dictionary does not lie in its definition of a nisi prius court but it does omit some important information. Namely, that it is a court that has been set up by prior agreement assumed because when the three statutory options [guilty, not guilty, nolo contendere] were presented to the defendant he chose one. He thus failed to enforce his right to be prosecuted in a court of record.

20. Once the agreement (as evidenced in the arraignment proceeding) has been secured, the court proceeds under statutory authority. Now the court ceases to be a court of record and becomes a court of no record by prior lack of objection, i.e. by prior agreement implied by failure to object.

21. Naturally, after securing the agreement, a nisi prius court can move on to examine the facts with a judge and jury, etc. etc.

22. The criminal court is an inferior court because it is operating according to special rules (criminal code) and not according to the common law. Even if its name is "Superior Court of ....." it is still an inferior court so long as it is operating according to some code or statutes rather than the common law. On the other hand, a court of record, so long as it meets the criteria, is a true superior court. The decisions and proceedings of an inferior court are not presumed to be valid. The inferior court can be sued in a superior court (that's called a "collateral attack"). In other words, the superior court (court of record) out ranks the inferior court not of record".

23. Government Manipulation of Language [7] The first "trick" of the Government is the re-definition of certain critical words in each Statute (Act) The Government assumes the ordinary meaning of the word so as to trick the public into reading and interpreting the Statute in their favour.

Here is a summary of some of the Trick Words. Two keywords that are re-defined in almost every Statute are the words "person" and "individual". There are at least two "person" in law:    A natural-person is a legal entity for the human-being.

An artificial-person is a legal entity that is not a human being. [8]

24. The natural-person has the "capacity" (i.e. ability) for rights and duties, but not necessarily the obligation. The artificial-person has rights and duties that may be attached (i.e. assigned) by laws.

25. The second "trick" of the Government is to use the Interpretation Act to define words that apply to all Statutes, unless re-defined within a particular Statute. Without this knowledge, one could assume the ordinary meaning for the words one is reading, not realizing that they may have been defined by the Interpretation Act. Unless these words have been re-defined in another Statute, the underlying definitions for the two most important words still apply, either from the Interpretation Act, or the Canadian Law Dictionary. Basically, they are defined as follows:

    a. from the Canadian Law Dictionary one can
find that:
individual means a natural person,
    b. from the Income Tax Act find the re-definition:
individual means an artificial person.
    c. from the Canadian Law Dictionary find that:
person means an individual (natural person) or incorporated group (artificial person),

---

[7] Source: http://www.natural-person.ca/govtricks.html.

[8] Here are the exact definitions from Barron's Canadian Law Dictionary, fourth edition (ISBN 0-7641-0616-3): natural person. A natural person is a human being that has the capacity for rights and duties. artificial person. A legal entity, not a human being, recognized as a person in law to whom certain legal rights and duties may attached - e.g. a body corporate.

  d. from the Interpretation Act find the re-definition:
person means a corporation (an artificial- person),
  e. from the Income Tax Act find the re-definition again:
person means an artificial person (amongst other things).

26. In the Canadian Human Rights Act, one can see how individual and person are used and how they are applied to natural and artificial persons.

27. The third "trick" of the Government is to use the word "includes" in definitions instead of using the word "means". They do this in some critical definitions that they want misinterpreted. If they used "means" instead of "includes" then their deception would be exposed, but by using "includes" they rely upon the reader to assume that "includes" expands the definition, whereas in reality it restricts the definition in the same manner that "means" restricts the definition.

28. Here is a means definition of the word "person" from the Bank Act:
person means a natural person, an entity or a personal representative;

29. Here is an includes definition of the word "person" from the Interpretation Act:
person, or any word or expression descriptive of a person, includes a corporation
To expose their deception, substitute the word means or any word or expression descriptive of a person, means a corporation (viz. artificial-person)

30. Both "means" and "includes" are restrictive in scope because they only encompass part of the whole. Typically they are used in the following form:
person means A or B or C (and nothing else).
person includes A and B and C (and nothing else).

31. From the above example, one sees the logical difference. The list that follows means is constructed using "or", whereas the list that follows includes is constructed using "and".

32. There is a Legal Maxim that supports the restriction of "includes" which is as follows: Inclusio unius est exclusio alterius. The inclusion of one is the exclusion of another.
The definition of the word include is key to understanding the potential loss of the natural-person. This is the major trick used by the Government in an attempt to take away natural-person rights. Unless this is known one voluntarily forfeits rights.

33. The fourth "trick" of the Government is to modify how the word "includes" is used in order to make an expansion in the definition when such expansion is required. This "trick" helps add confusion to the use of "includes" convincing most readers that "includes" should always be expansive rather than limiting. Here are some legitimate ways in which "includes" is modified to become expansive rather than restrictive:
  also includes
  and includes
  includes, without limitation,
  including
  including but not limited to

34. The expansive definitions usually take the following form:
person means A or B or C and includes D. (A,B, C and D). However, there is also a possibility that "and includes" is restrictive in some constructions. There are some people investigating this possibility right now. Their logic is demonstrated by the following example of a definition that states: province means a province of Canada and includes Ontario and Quebec.

So, if one presumes that "and includes" does provide expansion then one must ask why Ontario and Quebec had to be specifically mentioned when they are already part of a so-called province.

35. The above construction clearly defines the scope of what is meant by province, that is a province of Canada (it does not say which one), and includes only Ontario and Quebec (compiled from a list of two from the original scope of all provinces). In this construction means provides the scope of the definition and includes provides the list of what is actually included in the definition.

36. The foregoing analysis is one interpretation, but is not the only interpretation. The use of "includes" in statutory definitions can be argued both ways and is the backbone of understanding interpretations.

37. With the presumption that "and includes" is restrictive, then we must take a very close look at the following definition, taken from the Interpretation Act:
province means a province of Canada and includes the Yukon Territory, the Northwest Territories and Nunavut .

38. With this presumption what is stated is: unless another statute re-defines province, the default definition of province only includes the Yukon Territory, the Northwest Territories and Nunavut.

39. So in order to not become absurd, we must allow for "and includes" to be expansive, however more work needs to be done on this subject before placing the last nail in the coffin, so to speak.

40. Barron's Canadian Law Dictionary does not provide definitions for "include" or "means" therefore we have to look in the next source for the definitions.

41. From Black's Law Dictionary, fourth edition, here is the definition for the word "include":
<u>include</u>. To confine within, hold as in an inclosure, take in , attain, shut up, contain, inclose, comprise, comprehend, embrace, involve. Including may, according to context, express an enlargement and have the meaning of and or in addition to, or merely specify a particular thing already included within general words theretofore used.
<u>inclose</u>. To surround; to encompass; to bound; fence, or hem in, on all sides.
It is stated in the above definition that the verb include is clearly restrictive and only has limited scope. On the other hand the participle,including (but not limited to) enlarges the scope.

42. Therefore the conclusion is that when used in a definition, include does not expand the existing definition of the word it is attempting to define.

43. It is easy to be confused because one naturally assumes the existing definition of the word, then assume include means to add this new interpretation to the existing assumed definition of the word. Our assumptions fail us in this case.

44. For the Doubting Thomas: If one looks into any statute, one will be able to find a definition that uses the word includes and attempts to broaden the scope of that word to include the ordinary meaning, finda that the statute will break down because it will not be able to support the inclusion of the ordinary meaning of the word.

45. The breakdown usually occurs when slavery is invoked.

46. Courts may be classified and divided according to several methods, the following being the more usual: COURTS OF RECORD and COURTS NOT OF RECORD.

47. The former being those whose acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony, and which have power to fine or imprison for contempt. Error lies to their judgments, and they generally possess a seal.

48. Courts not of record are those of inferior dignity, which have no power to fine or imprison, and in which the proceedings are not enrolled or recorded. [9]

49. A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial. [10] CONFIRMATIO CARTARUM, October 10, 1297, By Edward, King of England, reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law.

50. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. [11]

51. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

52. We the people of this state do not yield their sovereignty to the agencies that serve them.

53. The definition of sovereignty retains the meaning it had at the time the US Constitution was formed. Who is the Tribunal? Answer: The sovereign, the ultimate Judge.

---

[9] 3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.

[10] Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

[11] See "Sources of Our Liberties" Edited by Richard L. Perry, American Bar Foundation; distributed by Associated College Presses, 32 Washington Place, New York 3, New York.